UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Kathleen Dukes,**

    **Plaintiff,**

**v.**

    Case No. 2:03-CV-00784
    JUDGE SMITH
    Magistrate Judge Abel

**ADS Alliance Data Systems, Inc.,**

    **Defendant.**

## OPINION AND ORDER

This matter is before the Court on Plaintiff's (Doc. 96) and Defendant's (Doc. 92) motions for reconsideration of the Court's November 20, 2006 Opinion and Order granting in part and denying in part Defendant's motion for summary judgment (Doc. 91).  For the reasons that follow, the court **DENIES** both Plaintiff's and Defendant's motions for reconsideration.

A motion for reconsideration pursuant to Rule 59(e) is designed only to "correct manifest errors of law or fact or to present newly discovered evidence."  *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997); *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985), *cert denied*, 476 U.S. 1171 (1986).  As such, a Rule 59(e) motion may be made for only one of three reasons: (1) an intervening change in the controlling law has occurred, (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice. *See Berridge v. Heiser*, 993 F.Supp. 1126, 1146-1147 (S.D. Ohio 1998) (*citing Firestone v. Firestone*, 316 U.S. App. D.C. 152 (D.C. Cir. 1996)).

A motion for reconsideration is not a vehicle to reargue the case or to present evidence which

should have been raised in connection with an earlier motion. *See Database America v. Bellsouth Advertising & Publishing*, 825 F.Supp. 1216, 1219-20 (D.N.J. 1993); 11 Charles Alan Wright, Arthur Miller and Mary Kay Kane, *Federal Practice and Procedure,* § 2810.1 (2d ed.1995)(Motions to alter or amend judgment cannot be used "to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to entry of judgment."). "[A] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple." *In re Christie*, 222 B.R. 64, 66 (Bankr.D.N.J.1998) (*citing Database*, 825 F.Supp. at 1220). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.;'" *Database*, 825 F.Supp. at 1220.

Nor is a motion for reconsideration properly grounded on a request that a court rethink a decision already made. *See Glendon Energy Co. v. Borough of Glendon*, 836 F.Supp. 1109, 1122 (E.D.Pa.1993). When a motion for reconsideration raises only a disagreement by a party with a decision of the court, that dispute "should be dealt with in the normal appellate process, not on a motion for reargument." *Database*, 825 F.Supp. at 1220.

**A.     Plaintiff's Motion for Reconsideration (Doc. 96)**

In the Court's November 20, 2006 Opinion and Order, the Court granted summary

2

judgment to Defendant on Plaintiff's claims of age and sex discrimination.  Plaintiff's motion requests that the Court reconsider its decision.

As a preliminary matter, the Court finds Plaintiff's Motion for Reconsideration untimely because Plaintiff failed to file it within 10 days of the Court's Order as required by Fed. R. Civ. P. 59(e).  Moreover, the Court has considered the arguments set forth in Plaintiff's Motion for Reconsideration, and, upon due consideration, the Court finds that Plaintiff has not demonstrated that the Court's decision to grant summary judgment on Plaintiff's claims of age and sex discrimination was based on any manifest errors of law. Nor has Plaintiff shown a change in controlling law, or the existence of newly discovered evidence. The Court therefore **DENIES** Plaintiff's Motion for Reconsideration.

**B.**  **Defendant's Motion for Reconsideration (Doc. 92)**

In the Court's November 20, 2006 Opinion and Order, the Court denied summary judgment to Defendant on Plaintiff's common law invasion of privacy claim and the federal and state wiretapping claims.  Defendant's motion requests that the Court reconsider its decision.

Like Plaintiff's motion, Defendant's motion does not meet any of the stringent requirements for reversal under Fed. R. Civ. P. 59(e).  The Court will, however, offer a few brief comments in response to Defendant's reargument that the "consent exception" is applicable.

Defendant reargues that the "consent exception" is applicable because Plaintiff, on one "acknowledgment" form, wrote: "Your

3

are welcome to monitor my calls any time you want but please don't let me know as I have a tendency to freeze up and might say something I had not intended to." Defendant, in making this argument, ignores the context in which Plaintiff's statement was written. Plaintiff's statement was written on an "acknowledgment" form which sought her consent for the *periodic* recording and monitoring of her calls *with customers* and for the *purpose of enhancing and providing adequate feedback*. In lieu of signing her name at the bottom of the form, Plaintiff wrote the above quoted language, giving her consent with the request that Defendant not tell her when it monitors a customer call. In this context, it is clear that Plaintiff's consent was limited to monitoring that occurred under these circumstances – that is, periodic monitoring, with customers, and for the purpose of enhancing and providing adequate feedback. Further supporting this conclusion is Plaintiff's explanation of her written statement : "please don't let me know as I have a tendency to freeze up and might say something I had not intended to." The at issue intercepted calls, however, (1) were not calls with customers; and (2) were not monitored "to enhance and provide adequate feedback" as the acknowledgment forms promised or "to improve our associates' telephone skills and job performance" as indicated in Defendants' telephone monitoring policy as set forth in the March, 2001, Associate Handbook, Section 515. Notably,

4

the ADS managers *knew* that Plaintiff was on the line with her husband, but nonetheless decided to intercept the calls. In Ms. Mackanos own words: "I heard the *incoming* call in the background since I was talking to Jody at the time. *I was not going to listen since I knew the call was from her husband*, however . . . ." (Dukes Depo. at Exhibit 9) (emphasis added).

C.  Conclusion

For all of the foregoing reasons, the court **DENIES** Plaintiff's Motion for Reconsideration (Doc. 96) and **DENIES** Defendant's Motion for Reconsideration (Doc. 92).

The Clerk shall remove Documents 92 and 96 from the Court's pending motions list.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　 /s/ George C. Smith
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**